**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| LUCAS CRANOR, individually and on behalf of all others similarly situated; | : : : |
| Plaintiff, | : Case No.: : |
| v. | : JURY TRIAL DEMANDED : |
| MEDUS, INC., | : : |
| Defendant. | |

**CLASS ACTION COMPLAINT**

Plaintiff, Lucas Cranor ("Cranor"), individually and on behalf of all others similarly situated, through his undersigned counsel, complains against Defendant, MedUS, Inc., as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff, Lucas Cranor, brings this action individually and on behalf of the class defined herein for relief under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 745 (2012).

2. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

3. Plaintiff seeks certification of the classes defined herein, as well as monetary and injunctive relief as described below.

## PARTIES

4. Plaintiff Lucas Cranor is a natural person residing in Castle Rock, Colorado.

5. MedUS Inc., is an Ohio corporation with its principal place of business in Cincinnati, Ohio.

## JURISDICTION & VENUE

6. The Court has federal question subject matter jurisdiction over these TCPA claims under 28 U.S.C. 1331. *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

7. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because MedUS resides in this district.

## THE NATIONAL DO NOT CALL REGISTRY

8. Section 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

9. In that Rulemaking, the FCC created the National Do-Not-Call Registry, which allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

10. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

11. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers on the Registry and provides a private right of

action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## COMPANY-SPECIFIC DO-NOT-CALL LISTS

12. The TCPA also requires companies to create and maintain their own do-not-call lists for the same purpose: protecting the privacy rights of individual telephone subscribers to avoid receiving unwanted telephone solicitations. *See In re Rules and Regulations Implementing the TCPA of 1991*, 7 FCC Rcd. 8752, 8765 (1992) ("[T]he company-specific do-not-call list alternative is the most effective and efficient means to permit telephone subscribers to avoid unwanted telephone solicitations.").

## CALLING HOURS RESTRICTIONS

13. The TCPA and implementing regulations prohibit calls to residential telephone numbers before 8 a.m. and after 9 p.m. Specifically, "No person or entity shall initiate any telephone solicitation to any residential telephone subscriber before the hour of 8 a.m. or after 9 p.m. (local time at the called party's location)." 47 C.F.R. § 64.1200(c)(1).

14. The calling hours restrictions set forth above apply whether or not the called number is listed on the National Do-Not-Call Registry or a company-specific do not call list.

## FACTUAL ALLEGATIONS

15. MedUS is a nationwide healthcare staffing company specializing in the placement of travel nurses and other healthcare professionals. *See* https://www.medusinc.com/ (last visited Oct. 20, 2023). According to its website, MedUS is "one of the leading healthcare professional recruitment agencies based in the U.S. [that] specializes in assisting talented medical professionals and matching them with quality medical employers." *Id.*

16. As a staffing company, MedUS solicits potential job applicants like Plaintiff and other class members to apply for jobs for which MedUS then receives payment. It does so by "cold calling," including texting, healthcare professionals who may meet its qualifications for placement.

17. According to MedUS website, it employs salespersons who build a book of business of qualified travel nurses by "cold calling company-generated leads" to encourage the purchase of its staffing services and to solicit applications from healthcare professionals like Plaintiff to fill positions for a fee. *See* https://www.medusinc.com/careers/ (last visited Oct. 25, 2023).

18. At all times relevant hereto, Cranor subscribed to cellular telephone service for the number (417) 622-XXXX, which is his residential telephone number listed on the National Do-Not-Call Registry ("Cranor's Number").

19. Between April 19, 2023, and July 25, 2023, MedUS sent at least three text message telephone solicitations to Cranor's residential number.

20. Cranor did not previously request or inquire about MedUS' job placement or any other services.

21. On April 19, 2023 at 8:49 a.m., MedUS sent a text promoting its services.

22. Cranor immediately responded by demanding MedUS to stop texting him and to remove his number from its contact list.

23. On July 7, 2023, at 6:56 a.m., despite Cranor's previous request not to be contacted, MedUS sent a text promoting its services Cranor noted the early hour and again asked MedUS to not contact him again.

24. On July 25, 2023, at 6:40 a.m., ignoring Plaintiff's two previous requests to not be contacted, MedUS sent the text message promoting its services to Cranor's Number:

- 4 -

25. Cranor again asked MedUS to not contact him.

26. Plaintiff does not have a business relationship with MedUS and did not consent receive the above commercial text messages.

27. The above-described unsolicited text messages injured Plaintiff by invading his privacy, interfering with his cellular telephone phone, and wasting his time.

28. At all times relevant hereto, MedUS engaged in a pattern and practice of making telephone solicitations, including by sending text messages, to other class members in the same or substantially similar format as those received by Plaintiff and described herein.

## CLASS ACTION ALLEGATIONS

29. As authorized by Rule 23(b)(3) or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of three classes of all other persons or entities similarly situated throughout the United States (the "Classes"):

### National Do-Not-Call Registry Class

All persons in the United States (1) whose telephone numbers were on the National Do-Not-Call Registry for at least 31 days (2) but who received more than one telemarketing call or text message (3) from Defendant (or an agent acting on behalf of Defendant) (4) within a 12-month period, (5) within the four years prior to the filing of the Complaint.

### Company-Specific Do-Not-Call List Class

All persons in the United States (1) whose telephone numbers were on Defendant's company-specific do-not-call list for at least 30 days (2) but who received more than one telemarketing call or text message (3) from Defendant (or an agent action on behalf of Defendant) (4) within a 12-month period, (5) within the four years prior to the filing of the Complaint.

### Calling Times Class

All persons in the United States (1) who received more than one telemarketing call or text message (2) before the hour of 8 a.m. or 9

    p.m. local time (3) from Defendant (or an agent acting on behalf of Defendant) (4) within a 12-month period, (5) within the four years prior to the filing of the Complaint.

  30. Excluded from the Classes are counsel, Defendant, any entities in which Defendant has a controlling interest, Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

  31. Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Classes as she has no interests that conflict with any of the Class members.

  32. Plaintiff and all members of the Classes have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy and the intrusion on their telephone that occupied it from receiving legitimate communications.

  33. The Classes, as defined above, are identifiable through Defendant's dialer records, other telephone records, and telephone number databases.

  34. Plaintiff does not know the exact number of members in the Classes, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds since text messages of the type he received are typically sent *en masse*.

  35. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

  36. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

  37. There are well defined, nearly identical questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the Class claims predominate over questions that may affect individual Class members.

38. There are numerous questions of law and fact common to Plaintiff and to the proposed Classes, including but not limited to the following:

39. Whether Defendant made multiple telephone calls to Plaintiff and members of the National Do-Not-Call Registry Class;

40. Whether Defendant's conduct constitutes a violation of the TCPA; and

41. Whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

42. Plaintiff's claims are typical of the claims of the Classes. Plaintiff's claims, like the claims of Classes, arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

43. Plaintiff will fairly and adequately protect the interests of the Classes. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the other members of the Classes and have the financial resources to do so. Neither Plaintiff nor her counsel have interests that are contrary to or that conflict with those of the proposed Classes.

44. Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendant and/or its agents.

45. A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of individual members of the Classes in individually controlling the prosecution of separate claims against Defendant are small because the damages in an individual

action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

46. Defendant has acted on grounds generally applicable to the Classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the Classes appropriate on a classwide basis.

## COUNT I

**(Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, on behalf of the National Do-Not-Call Registry Class)**

47. Plaintiff hereby incorporates by reference the allegations of Paragraphs 1 through 46, *supra*, as though fully set forth herein.

48. This Count is brought by Plaintiff individually and on behalf of members of the National Do-Not-Call Registry Class defined in Paragraph 29, *supra*.

49. Defendant violated 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)(2) by making, or having its agent make on its behalf, two or more telemarketing calls within a 12-month period to Plaintiff and members of the National Do-Not-Call Registry Class.

50. As a result of the Defendant's violations of 47 U.S.C. § 227, *et seq.*, Plaintiff and National Do-Not-Call Registry Class members are entitled to an award of up to $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(c)(5).

51. Plaintiff and National Do-Not-Call Registry Class members are also entitled to and do seek injunctive relief prohibiting the Defendant from engaging in the same or similar conduct in the future.

52. Defendant's violations were knowing or willful.

## COUNT II

**(Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, on behalf of the Company-Specific Do-Not-Call List Class)**

53. Plaintiff hereby incorporates by reference the allegations of Paragraphs 1 through 46, *supra*, as though fully set forth herein.

54. This Count is brought on behalf of Plaintiff individually and members of the Company-Specific Do-Not-Call List Class defined in Paragraph 29, *supra*.

55. Defendant violated 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d)(3) by making, or having its agent make on its behalf, two or more telemarketing calls within a 12-month period to Plaintiff and members of the Company-Specific Do-Not-Call List Class.

56. As a result of the Defendant's violations of 47 U.S.C. § 227, *et seq.*, Plaintiff and Company-Specific Do-Not-Call List Class members are entitled to an award of up to $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(c)(5).

57. Plaintiff and Company-Specific Do-Not-Call List Class members are also entitled to and do seek injunctive relief prohibiting the Defendant from engaging in the same or similar conduct in the future.

58. Defendant's violations were knowing or willful.

## COUNT III

### (Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, on behalf of the Calling Times Class)

59. Plaintiff hereby incorporates by reference the allegations of Paragraphs 1 through 46, *supra*, as though fully set forth herein.

60. This Count is brought by Plaintiff individually and on behalf of members of the Calling Times Class defined in Paragraph 29, *supra*.

61. Defendant violated 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)(1) by making, or having its agent make on its behalf, two or more telemarketing calls within a 12-month period to Plaintiff and members of the Calling Hours Class.

62. As a result of the Defendant's violations of 47 U.S.C. § 227, et seq., Plaintiff and Calling Hours Class members are entitled to an award of up to $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(c)(5).

63. Plaintiff and National Do-Not-Call Registry Class members are also entitled to and do seek injunctive relief prohibiting Defendant from engaging in the same or similar conduct in the future.

64. Defendant's violations were knowing or willful.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Classes, prays as follows:

A. Injunctive relief prohibiting Defendant from calling telephone numbers advertising their goods or services, except for emergency purposes, to any cellular or residential telephone number on the National Do-Not-Call Registry or on Defendant's company-specific do-not-call list, or outside the hours of 8 am and 9 pm local time;

B. That the Court enter a judgment awarding Plaintiff and all Class members statutory damages;

C. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing Classes the Court deems appropriate, finding that Plaintiff is a proper representative of the Classes, and appointing the lawyers and law firms representing Plaintiff as counsel for the Classes; and

D. An order granting such other or further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Date: November 3, 2023  Respectfully submitted,

LUCAS CRANOR

By: *s/ David B. Schultz*
 One of His Attorneys

David B. Schultz
LUFTMAN, HECK & ASSOCIATES, LLP
6253 Riverside Drive, Suite 200
Dublin, Ohio 43017
(614) 224-1500
dschultz@lawlh.com

Keith J. Keogh (*pro hac vice*)
William M. Sweetnam (*pro hac vice*)
KEOGH LAW, LTD.
55 West Monroe Street, Suite 3390
Chicago, Illinois 60603
(312) 726-1092
keith@keoghlaw.com
wsweetnam@keoghlaw.com

*Attorneys for Plaintiff and the Proposed Classes*