**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| LUCAS CRANOR, individually and on behalf of all others similarly situated; | : : : | |
| Plaintiff, | : : | Case No.: 1:23-cv-00724-MWM |
| v. | : : | Judge Matthew W. McFarland |
| MEDUS, INC., | : : | |
| Defendant. | | |

**JOINT DISCOVERY PLAN PURSUANT TO FED. R. CIV. P. 26(f)**

All parties to this case, by and through their respective counsel, jointly submit this Joint Discovery Plan pursuant to Fed. R. Civ. P. 26(f) and the Court's Standing Order Regarding Procedures in Civil Cases. The parties held their discovery conference on January 30, 2024.

**A.  MAGISTRATE CONSENT**

The parties:

☐ Unanimously consent to the jurisdiction of the United States Magistrate Judge under 28 U.S.C. § 636(c).

☑ Do not unanimously consent to the jurisdiction of the United States Magistrate Judge under 28 U.S.C. 636(c).

☐ Unanimously consent to the jurisdiction of the United States Magistrate Judge under 28 U.S.C. § 636(c) solely for purposes of deciding the following pretrial motions dispositive motions: _____
_____
_____.

☐ Unanimously give contingent consent to the jurisdiction of the United States Magistrate Judge under 28 U.S.C. § 636(c) for trial purposes only if the District Judge assigned is unavailable on the date set for trial (e.g.,

because of other trial settings, civil or criminal).

**B.     RULE 26(a) DISCLOSURES**

☐ The parties have exchanged pre-discovery disclosures required by Rule 26(a)(1).

☑ The parties will exchange such disclosures by March 11, 2024.

☐ The parties are exempt from disclosures under Rule 26(a)(1)(E).

**NOTE**:  Rule 26(a) disclosures are **NOT** to be filed with the Court.

**C.     DISCOVERY ISSUES AND DATES**

**1.** Discovery will need to be conducted on the issues of:

a. Number, content and recipients of text messages sent during past four years;

b. Vendors or agents of Defendant who may have sent text messages;

c. Records of consent to receive text messages, if any, as well records of do-not-call requests;

d. Procedures for maintaining do-not-call records and honoring such requests;

e. Procedures followed by vendors and contracts with vendors;

f. Insurance; and

g. Third-party communications

**2.** The parties recommend that discovery

☑ Need not be bifurcated.

☐ Should be bifurcated between liability and damages.

☑ Should be bifurcated between factual and expert.

☐ Should be limited to or focused upon issues relating to

2

207197

_____.

3. Disclosure and report of Plaintiff(s) expert(s) by January 26, 2025.

4. Disclosure and report by Defendant(s) expert(s) by March 26, 2025.

5. Disclosure and report of rebuttal expert(s) by April 26, 2025.

6. Disclosure of non-expert (fact) witnesses by July 26, 2024.

7. Discovery cut-off October 26, 2024.

8. Anticipated discovery problems

    ☐ _____

    _____

    _____

    ☒ None.

9. Describe the subjects on which discovery is to be sought and the nature, extent and scope of discovery that each party needs to: (1) make a settlement evaluation, (2) prepare for case dispositive motions, and (3) prepare for trial:

(1) For settlement, Plaintiff requires the records listed in paragraphs 1.a-c above.

(2) For class certification, Plaintiff requires, at minimum, the items on 1.a and g above.

(3) See response to (2) above.

10. **Discovery of Electronically Stored Information**. The parties have discussed disclosure, discovery, and preservation of electronically stored information, including the form or forms in which it should be produced.

3

207197

☑ Yes

☐ No

    **i.** The parties have electronically stored information in the following formats:

Plaintiff has images of text messages received from Defendant and his replies thereto.

Defendant has data stored in SaaS platform(s).

    **ii.** The case presents the following issues relating to disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced:

Plaintiff's documents have been processed and are accessible.

Defendant is still evaluating the process for exporting requested from the SaaS platform(s).

11. **Claims of Privilege or Protection**. The parties have discussed issues regarding the protection of information by a privilege or the work-product doctrine, including whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evid. 502.

☑ Yes

☐ No

    **i.** The case presents the following issues relating to claims of privilege or of protection as trial preparation materials:

Plaintiff anticipates no claims of privilege regarding the documents described in Paragraph 10.i above.

Defendant currently anticipates no claims of privilege.

207197

Have the parties agreed on a procedure to assert such claims AFTER production?

☐ No

☑ Yes

☐ Yes, and the parties ask that the Court include the following agreement in the scheduling order:

The parties will submit a proposed protective order at the appropriate time. See Item E infra.

### D.  LIMITATIONS ON DISCOVERY

1. Change in the limitations on discovery

   ☐ Increase the amount of time (currently 1 day of 7 hours) permitted in which to complete depositions to _____.

   ☐ Increase the number of depositions (currently 10) permitted to _____.

   ☑ Increase the number of interrogatories (currently 25) permitted to 35.

   ☐ None.

**E.** **PROTECTIVE ORDER**

☑ A protective order will be submitted to the Court on or before

February 26, 2024                                                                                      .

☐ The parties currently do not anticipate the need for a protective order. If the parties subsequently deem that one is necessary, they will submit a joint proposed order to the Court. Such order will comply with *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996) and its progeny.

**F.** **SETTLEMENT**

A settlement demand ☐ has or ☑ has not been made.

A response to the demand ☐ has or ☐ has not been made.

A demand can be made by Plaintiff on receipt of

information in 1-a. – C. above.

A response can be made by _____.

**G.** **MOTION DEADLINES**

1. Motion to amend the pleadings and/or add parties by April 26, 2024.

2. Motions related to the pleadings by May 26, 2024.

3. Dispositive motions by November 26, 2024.

**H.** **OTHER MATTERS**

Subject to the Court's discretion, Plaintiff anticipates filing a motion for class certification as soon as

practicable after completion of discovery on the matters listed in C.1.a – e and g.

6

207197

Signatures:

| | |
|---|---|
| s/ William M. Sweetnam | s/ Michael S. Loughry |
| | Timothy E. Miller |
| Keith J. Keogh | Michael S. Loughry |
| William M. Sweetnam | Nolan E. Wiley |
| KEOGH LAW, LTD. | ISAAC WILES & |
| 55 W Monroe St., Suite 3390 |    BURKHOLDER, LLC |
| Chicago, Illinois 60603 | Two Miranova Place, Suite 700 |
| (312) 726-1092 | Columbus, Ohio 43215 |
| keith@keoghlaw.com | (614) 221-2121 |
| wsweetnmam@keoghlaw.com | tmiller@isaacwiles.com |
| | mloughry@isaacwiles.com |
| s/ David B. Schultz | nwiley@isaacwiles.com |
| David B. Schultz (0077281) | |
| Jeremiah E. Heck (0076742) | Attorneys for Defendant |
| LUFFMAN HECK & | |
|    ASSOCIATES, L.L.P. | |
| 6253 Riverside Drive, Suite 200 | |
| Dublin, Ohio 4301 7 | |
| (614) 224-1500 | |
| dschultz@lawlh.com | |
| jheck@lawlh.com | |
| | |
| Attorneys for Plaintiff | |

207197