IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| LUCAS CRANOR, | : | Case No. 1:23-cv-724 |
| Plaintiff, | : | Judge Matthew W. McFarland |
| v. | : | |
| MEDUS, INC., | : | |
| Defendant. | : | |

## ORDER DENYING DEFENDANT'S MOTION TO STAY (Doc. 29)

This matter is before the Court on Defendant's Motion to Stay (Doc. 29). Plaintiff filed a response in opposition (Doc. 30), to which Defendant filed a reply in support (Doc. 31). While Defendant requests oral argument, the Court does not find oral argument "essential to the fair resolution" of the motion. S.D. Ohio Civ. R. 7.1(b)(2). This matter is therefore ripe for review. For the following reasons, the Court **DENIES** Defendant's Motion to Stay.

On August 12, 2024, the Court referred this matter to the Magistrate Judge for the limited purpose of resolving the discovery dispute. (8/12/2024 Notation Order.) The Magistrate Judge then held two discovery conferences in which the parties argued their positions. (*See* Discovery Order, Doc. 28, Pg. ID 122.) Ultimately, the Magistrate Judge ordered the following:

> Defendant [must] cause Labor Edge to produce the raw data for the "List" which is described as a catch-all of approximately 2900 phone numbers whose source of origin is unknown. Additionally, Defendant is ordered to

> produce a sampling of data for text messages (and all related fields) sent over 3 consecutive days per month from November 6, 2019-November 6, 2021. Plaintiff's expert will analyze the data as he/she sees fit but will provide a report of the search terms/methodologies utilized to Defendant's counsel at the appropriate time.

(Discovery Order, Doc. 28, Pg. ID 122-23.)

Defendant contends that the present motion to stay discovery is "distinct relief that was not previously addressed by the Magistrate Judge." (Reply, Doc. 31, Pg. ID 157.) However, Defendant initially raised the argument that its pending dispositive motion may moot the need for discovery in its correspondence with the Court on August 5, 2024. (*See* Email, Doc. 30-1.) The Court referred the entire discovery dispute to the Magistrate Judge on August 12, 2024. (8/12/2024 Notation Order.) Then, Defendant explicitly argued before the Magistrate Judge that discovery should be stayed pending the outcome of its motion for judgment on the pleadings. (Discovery Brief, Doc. 26, Pg. ID 118.) Rather than granting a stay, the Magistrate Judge ordered the production of discovery, including a specific "sampling of data for text messages." (Discovery Order, Doc. 28, Pg. ID 122-23.)

Defendant now "seeks an immediate stay to prevent the imminent court-ordered production of a specific dataset of consumer information." (Motion to Stay, Doc. 29, Pg. ID 125.) At bottom, Defendant challenges the Magistrate Judge's order by asking the Court to reconsider its arguments for a stay. But, this request for a stay was "heard and decided" by the Magistrate Judge under Federal Rule of Civil Procedure 72(a). Accordingly, any objections to the Magistrate Judge's Discovery Order (Doc. 28) must have been filed within 14 days. *See* Fed. R. Civ. P. 72(a). Because Defendant's motion was filed beyond this timeframe, it is an untimely objection and is thus denied.

Litigants cannot circumvent Rule 72's time constraints for objections by styling their motion under a different heading. *See, e.g., Carson v. Patterson Dental Supply, Inc.*, No. 2:08-CV-653, 2009 WL 3127755, at *4 (S.D. Ohio Sept. 25, 2009) (explaining that plaintiff's "pending motion in effect challenges the magistrate judge's decision . . . and operates as an objection to the magistrate judge's order"); *United States v. Cobb*, No. 08-111, 2016 WL 4487856, at *9 (E.D. Ky. Aug. 25, 2016).

In any event, even assuming Defendant's present motion is not impacted by the Discovery Order, the Court does not find a stay warranted under the circumstances. District courts have discretion to stay discovery pending resolution of dispositive motions. *Kareem v. JPMorgan Chase Bank, N.A.*, No. 15-4387, 2016 WL 9405838, at *2 (6th Cir. Nov. 21, 2016). That being said, courts are "not inclined to stay discovery while a motion to dismiss is pending unless certain special circumstances justify that action." *Shanks v. Honda of Am. Mfg.*, No. 2:08-CV-1059, 2009 WL 2132621, at *1 (S.D. Ohio July 10, 2009). Though motions based on immunity, jurisdictional issues, or a patent showing that a case lacks merit may constitute special circumstances, "a stay should not ordinarily be granted to a party who has filed a garden-variety Rule 12(b)(6) motion." *Ohio Bell Tel. Co. v. Glob. NAPs Ohio, Inc.*, No. 2:06-CV-549, 2008 WL 641252, at *1 (S.D. Ohio Mar. 4, 2008). Plaintiff's pending motion for judgment on the pleadings does not fall into one of these categories. And while Defendant points out that the motion involves a legal question, this is one factor that the Court considers in exercising its discretion. *See Est. of Pressma v. ITM TwentyFirst Servs., LLC*, No. 321-CV-34, 2022 WL 2158358, at *1 (W.D. Ky. June 15, 2022). The pending motion does not justify a stay of discovery in this matter. *See Wilson v.*

*ThyssenKrupp Elevator Corp.*, No. 2:20-CV-2138, 2022 WL 1618447, at *3-4 (S.D. Ohio Feb. 8, 2022).

In considering a motion to stay, courts also weigh "the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery." *Bowens v. Columbus Metro. Libr. Bd. of Trustees*, No. 2:10-CV-00219, 2010 WL 3719245, at *1 (S.D. Ohio Sept. 16, 2010). Defendant asserts that discovery would impose an undue burden and lead to the disclosure of individuals' personal information. (Motion, Doc. 29, Pg. ID 129.) The Court is cognizant of such concerns but finds the sampling of texts ordered by the Magistrate Judge to serve as an appropriate compromise under the circumstances. Moreover, it is "clear that a court must tread carefully in granting a stay of proceedings, since [Plaintiff] has a right to a determination of its rights and liabilities without undue delay." *Ohio Env't Council v. U.S. Dist. Ct., S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977).

For all these reasons, the Court **DENIES** Defendant's Motion to Stay (Doc. 29).

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: *[signature]*

JUDGE MATTHEW W. McFARLAND

4