IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION - CINCINNATI

| | |
|---|---|
| LUCAS CRANOR, individually and on behalf of all others similarly situated, | : Case No. 1:23-cv-724 :<br>: Judge Matthew W. McFarland |
| Plaintiff, | : |
| v. | : |
| MEDUS, INC., | : |
| Defendant. | : |

### ORDER AND OPINION

This matter is before the Court on Defendant's Motion for Judgment on the Pleadings (Doc. 18). Plaintiff filed a Response in Opposition (Doc. 19), and Defendant filed a Reply in Support (Doc. 20). This matter is therefore ripe for the Court's review. For the following reasons, the Court **DENIES** Defendant's Motion for Judgment on the Pleadings (Doc. 18).

### BACKGROUND

Between April 2023 and July 2023, Plaintiff Lucas Cranor received text messages from Defendant MedUS, Incorporated—a nationwide healthcare staffing company. (Compl., Doc. 1, ¶¶ 15, 19.) As part of its business model, Defendant "solicits potential job applicants like Plaintiff and other class members to apply for jobs for which [Defendant] then receives payment." (*Id.* at ¶ 16.) Defendant's salespersons specifically "build a book of business of qualified travel nurses by 'cold calling company-generated

leads' to encourage the purchase of its staffing services and to solicit applications from healthcare professionals like Plaintiff to fill positions for a fee." (*Id.* at ¶ 17.) Plaintiff received at least three unsolicited text messages from Defendant despite his number being listed on the National Do-Not-Call Registry. (*Id.* at ¶¶ 18-20.) These text messages promoted Defendant's services. (*Id.* at ¶¶ 21, 23, 24.) Each time he received a text, Plaintiff responded that he would not like to receive any more messages. (*Id.* at ¶¶ 22-25.)

On November 6, 2023, Plaintiff filed a Class Action Complaint on behalf of himself and other similarly situated individuals, alleging that Defendant violated the Telephone Consumer Protection Act. (*See* Compl., Doc. 1.) Defendant filed a Motion for Judgment on the Pleadings (Doc. 18) on May 28, 2024.

## LAW AND ANALYSIS

The Court will first consider Defendant's request to view matters beyond the four corners of the Complaint when addressing its Motion for Judgment on the Pleadings. Then, the Court will turn to the merits.

### I. Matters Outside of the Complaint

As the name suggests, courts evaluating a motion for judgment on the pleadings may generally only consider the allegations in the pleadings. *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 483-84 (6th Cir. 2020) (explaining that "a district court's failure to expressly reject evidence attached to the briefs triggers its duty to treat the motion as one for summary judgment"). Notwithstanding this general rule, courts may "consider other materials that are integral to the complaint, are public records, or are otherwise appropriate for the taking of judicial notice." *Ashland, Inc. v. Oppenheimer & Co., Inc.*, 648

F.3d 461, 467 (6th Cir. 2011) (quotation omitted). Materials are considered "integral to the complaint" when they are "referred to in the complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). Additionally, judicial notice is appropriate when the noticed fact is "not subject to reasonable dispute" because it is either "(1) generally known within the trial court's territorial jurisdiction or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also In re Omnicare, Inc. Sec. Litig.*, 769 F.3d 455, 466 (6th Cir. 2014) ("Judicial notice is only appropriate if the matter is beyond reasonable controversy.") (cleaned up).

Defendant first requests that the Court take judicial notice of the purported text messages, attached as an exhibit to a declaration, because the text messages are integral to Plaintiff's Complaint. (Motion, Doc. 18, Pg. ID 61-64; Reply, Doc. 20, Pg. ID 100-01.) In response, Plaintiff argues against consideration of these text messages because, among other things, the exhibit fails to specifically identify the relevant messages or show that they are accurate. (Response, Doc. 19, Pg. ID 80-81.) The Court agrees. Although the declaration includes purported text messages to Plaintiff on at least three of the days in question, the times listed do not match the times alleged in the Complaint. (*Compare* Decl., Doc. 18-2, Pg. ID 73 *with* Compl., Doc. 1, ¶¶ 21-25.) It is therefore not readily apparent that these messages are the same ones referenced in Plaintiff's Complaint. Thus, the Court declines to consider these text messages at this early stage of litigation.

Next, Defendant requests for the Court to take judicial notice of its website. (Motion, Doc. 18, Pg. ID 61; Reply, Doc. 20, Pg. ID 101.) Plaintiff counters that such judicial

notice would be improper since there is no evidentiary basis showing that the website is the same today as it was during the timeframe in question. (Response, Doc. 19, Pg. ID 81-82.) The Court finds Plaintiff's argument persuasive. There is no indication that the website is presently the same as during the relevant time period in the Complaint. Moreover, the Court could not verify the accuracy of the information found on this private website. *See Plateau Cas. Ins. Co. v. Securranty, Inc.*, 608 F. Supp. 3d 566, 571 (M.D. Tenn. 2022) ("[I]t is generally improper for a court to take judicial notice of a non-governmental website, particularly when it is used for the truth of the matter, and not its mere existence."). For these reasons, the proffered text messages and website may be subject to reasonable dispute and the Court declines to consider them at this juncture.

## II. Motion for Judgment on the Pleadings

Turning to the merits, the standard of review for a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is the same standard as for a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). Courts construe the complaint in the light most favorable to the plaintiff, accept all allegations as true, and draw all reasonable inferences in the plaintiff's favor. *Coley v. Lucas Cnty.*, 799 F.3d 530, 537 (6th Cir. 2015). "[T]he plaintiff must plead sufficient factual matter to render the legal claim plausible, i.e., more than merely possible." *Fritz*, 592 F.3d at 722 (cleaned up). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although courts accept well-pleaded factual allegations as true, they need not

accept "a formulaic recitation of the elements of a cause of action" or "a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Plaintiff brings suit under the Telephone Consumer Protection Act ("TCPA"), which prohibits "telephone solicitations" to phone numbers listed on the National Do-Not-Call Registry. 47 C.F.R. § 64.1200(c)(2); *see also* 47 U.S.C. § 227(c)(5) (providing for private right of action). A "telephone solicitation" is defined as the "initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 C.F.R. § 64.1200(f)(15); *see also* 47 U.S.C. § 227(a)(4). Here, the parties disagree over whether Plaintiff's Complaint sufficiently alleges that Plaintiff received such telephone solicitations from Defendant.

The following allegations in the Complaint guide the Court's analysis. As a healthcare staffing company, Defendant "solicits potential job applicants like Plaintiff and other class members to apply for jobs for which [Defendant] then receives payment." (Compl., Doc. 1, ¶ 16.) Specifically, Defendant's salespersons "build a book of business of qualified travel nurses by 'cold calling company-generated leads' to encourage the purchase of its staffing services and to solicit applications from healthcare professionals like Plaintiff to fill positions for a fee." (*Id.* at ¶ 17.) Despite his number being listed on the National Do-Not-Call Registry, Plaintiff received at least three text messages from Defendant "promoting its services." (*Id.* at ¶¶ 18-24.) Taking these allegations as true and making all reasonable inferences in Plaintiff's favor, the Court finds that Plaintiff has

5

plausibly alleged that Defendant sent him text messages for the purpose of encouraging the purchase of its services.

Defendant, to be sure, makes several arguments as to why these text messages should not be considered solicitations, such as contesting the "purpose" of the calls and suggesting that Plaintiff himself would not need to pay for any services. (Motion, Doc. 18, Pg. ID 64-66; Reply, Doc. 20, Pg. ID 93-100.) But, at this stage of litigation, the Court must take all well-pleaded allegations in the Complaint as true. In a nod to this standard, courts have been wary to dismiss TCPA claims at this early stage for similar reasons on an undeveloped record. *See, e.g., Less v. Quest Diagnostics Inc.*, 515 F. Supp. 3d 715, 717-18 (N.D. Ohio 2021) (explaining that "[m]ore information is needed to determine whether the calls in this case were solicitations under the statute"); *Fiorarancio v. WellCare Health Plans, Inc.*, No. 21-CV-14614 , 2022 WL 111062, at *3 (D.N.J. Jan. 11, 2022) ("The purpose of Defendant's calls will only be clear after the parties (and the Court) learn more about why they were made."); *Eden Day Spa, Inc. v. Loskove*, No. 14-CV-81340, 2015 WL 1649967, at *3 (S.D. Fla. Apr. 14, 2015) (denying motion to dismiss when analysis of TCPA claim would "require an inquiry that goes beyond the four corners of the Complaint"). Such caution makes sense given that the "purpose of a call is a question of fact determined by the content and context of the call or message." *Trujillo v. Free Energy Sav. Co., LLC*, No. 5:19-CV-2072, 2020 WL 7768722, at *2 (C.D. Cal. Dec. 21, 2020).

Therefore, the Court finds that Plaintiff has plausibly alleged claims under the TCPA and will not dismiss his Complaint at this time.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Motion for Judgment on the Pleadings (Doc. 18).

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: *Matthew W. McFarland*
JUDGE MATTHEW W. McFARLAND